**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: October 20 2009**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-32746 |
| | ) | |
| Larry Edward Clark and Virginia Lee Clark, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER

The court held a hearing on October 7, 2009, on the Trustee's Objection to the Filing of Amended Schedule B [Doc. # 34]. The court construes the objection as a motion to treat Debtors' Amended Schedule B as stricken from the court record.

After the meeting of creditors and a Rule 2004 examination of Debtors occurred, Debtors filed on September 8, 2009, an amended Schedule B and the accompanying amended summary of schedules. *See* Doc. # 31. The amendment added a 2000 Chevy Tahoe motor vehicle to Schedule B at Line 25 thereof, with a disclaimer setting forth Debtors' position as to the state of title to the vehicle. The Trustee objects to this Amended Schedule B, on the grounds that the estate will be prejudiced by Debtors' recitation of their position as to the state of title to the vehicle.

The court disagrees. Under Bankruptcy Rule 1009, Debtors have a general right to amend their schedules "as a matter of course at any time before the case is closed." No court approval is required to do so. *See In re Rolland*, 317 B.R. 402, 414 (Bankr. C.D. Cal. 2004). Indeed, where schedules are inaccurate, particularly those disclosing property interests, Debtors fail to amend them at their potential peril. *See* 11

U.S.C. § 727(a)(2) and (a)(4); *cf. id.* ("Schedules and statements which are inaccurate or incomplete must be corrected by the debtor..."); *In re Leonard*, 151 B.R. 639, 643-44 (Bankr. N.D.N.Y. 1992)( debtors had opportunity and obligation to amend schedules if they had a legitimate dispute about legitimacy of lien). The Trustee points to case law striking amended schedules or refusing to allow an amendment to stand on the grounds of bad faith. The cases cited are distinguishable, however, in that they involve amendment of Schedule C to claim exemptions, the whole purpose of which is to remove property from the estate and in respect to which there are specific objection deadlines.

The purpose of the amendment here is to disclose of record the potential interest in the Chevy Tahoe that was not disclosed in Debtors' original Schedule B. The fact of the amendment may or may not ameliorate the original non-disclosure, but that is what it is. *See In re Bohrer*, 266 B.R. 200 (Bankr. N.D. Cal. 2001)(old schedules do not become nullities when bankruptcy schedules are amended, and are still subject to consideration as evidentiary admissions). The estate is not bound by Debtors' characterization in their Amended Schedule B of the state of title to the vehicle, *see In re Jorczak,* 314 B.R. 474, 482-83 (Bankr. D. Conn. 2004)(statement in schedules not binding on Trustee), although Debtors might be depending upon the issue that arises, *see In re Bohrer*, 266 B.R. at 201; *Larson v. Gross Bank, N.A.*, 204 B.R. 500, 502 (W.D. Tex. 1996)(statement, or lack thereof, in schedules considered a binding judicial admission); *In re Dispirito*, 371 B.R. 695, 698 (Bankr. D.N.J. 2007)(it is generally accepted that information in schedules may be considered as at least an evidentiary admission against debtors). Likewise the questions of what interest in the vehicle is property of the estate and whether the trustee may sell that interest are not determined by the listing or the contents of the description on Amended Schedule B.

Based on the foregoing, and for the reasons otherwise stated on the record by the court at the hearing, for good cause appearing,

**IT IS ORDERED** that Trustee's Objection to the Filing of Amended Schedule B [Doc. # 34] is **DENIED**, without prejudice to any cause of action or rights of the bankruptcy estate to the motor vehicle disclosed thereon.